UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re MOTION TO REMAND Case to State Court [12] and MOTION TO DISMISS Case [13]

## I. INTRODUCTION

On August 8, 2012 Plaintiff Tessa Owen ("Plaintiff") filed a putative class action complaint in the Superior Court of California for the County of Los Angeles against Defendant Fresh, Inc. ("Defendant") alleging violations of California Civil Code § 1747.08, common law negligence, invasion of privacy, and unlawful intrusion. Def.'s Notice of Removal Ex. 1. On September 14, 2012, Defendant filed a Notice of Removal, claiming this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Def.'s Notice of Removal 1-2 (Dckt. 1).

On October 11, 2012, Plaintiff filed a Motion to Remand to State Court. (Dckt. 12.) On October 19, 2012, Defendant filed a Motion to Dismiss. (Dckt. 13.) For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand to State Court and DENIES Defendants' Motion to Dismiss.

## II. STATEMENT OF FACTS

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

Defendant is a specialty retailer of perfumes, make-up, lotions, and other products. Compl. ¶ 8. Defendant operates multiple stores throughout California and the United States, and accepts credit cards for the purchase of goods and services in California. Compl. ¶¶ 8, 9. On or around June 6, 2012, Plaintiff made a purchase from Defendant using her personal credit card. Compl. ¶ 10. During Plaintiff's credit card transaction, an employee of the Defendant requested and recorded Plaintiff's personal information including her address. Compl. ¶ 11.

Plaintiff further alleges that Defendant "engages in a pattern and practice of knowingly requesting and recording personal identification information of its customers during credit card transactions." Compl. ¶ 12. Plaintiff brought this action on behalf of persons similarly situated during the Class Period, defined as all those transactions that occurred during the applicable statute of limitations. Compl. ¶¶ 7, 14.

### III. MOTION TO REMAND

#### A. Legal Standard

Under 28 U.S.C. § 1441, "civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to federal district court. 28 U.S.C. § 1441 (2006). The Class Action Fairness Act ("CAFA") "vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007). The burden of establishing removal jurisdiction under CAFA is on the party seeking federal jurisdiction--in this case, Defendant. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

#### B. Amount in Controversy

In determining whether CAFA's amount in controversy requirement has been met, courts first look to the complaint. See Lewis v. Verizon Communications, Inc., 627 F.3d 395, 399

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

(2010). If "the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." Id. at 397. Plaintiff's Complaint did not contain any specific amount of damages sought; therefore, Defendant must prove by a preponderance of the evidence that CAFA's $5,000,000 amount in controversy requirement has been met.

      Plaintiff's claim arises out of Civil Code § 1747.08, which makes it illegal to "[r]equest, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information[.]" Cal. Civ. Code § 1747.08(a)(2). Plaintiff brought this suit on behalf of herself and all individuals who were asked to provide their personal identification information by Defendant before paying with a credit card during the Class Period. It is undisputed that during the Class Period, Defendant "processed substantially in excess of 5,000 credit card transactions." Def.'s Notice of Removal 3, Ex. 3 Decl. of Francois Bonin ¶ 3. By seeking to represent all similarly situated individuals, Plaintiff placed all credit card transactions processed by Defendant during the Class Period at issue--even if a fact finder ultimately determines that some, or all, of the transactions did not violate Section 1747.08. See Lewis, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). Moreover, Section 1747.08 provides for civil penalties not to exceed $250 for the first violation and $1,000 for each subsequent violation, and Plaintiff specifically requested "statutory damages within" this range. See Civil Code § 1747.08(e). The Ninth Circuit has specifically held that a class action suit brought under Section 1747.08 seeking "up to $1,000 per violation" where it was undisputed that 5,000 credit card transactions had occurred at a defendant's stores during the class period satisfies CAFA's amount in controversy requirement See Morey v. Louis Vuitton N. Am., Inc., 461 F. App'x 642, 643 (9th Cir. 2011) (holding that CAFA's amount-in-controversy requirement satisfied where plaintiff sought to represent all individuals who were asked to provide their personal information before making credit card transactions at Louis Vuitton stores in violation of Civil Code Section 1747.08 and sought penalties of up to $1,000 per violation because "the amount in controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that there were 'substantially in excess' of 5,000 credit card transactions");

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

see also Strawn v. AT & T Mobility LLC, 530 F.3d 293 (4th Cir. 2008)) ("[T]he minimum amount of class damages, if the plaintiffs were to succeed on the merits, would be $11,760,000 (the minimum statutory damages of $200 per customer x 58,800 customers)"). Thus, Defendant has met its burden of establishing that CAFA's amount-in-controversy requirement has been met.

  **C.**  **Minimal Diversity**

  Minimal diversity under CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For the purpose of federal jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

  Plaintiff is a citizen of California. Compl. ¶ 4. Defendant is incorporated in Delaware, and has its principal place of business in New York. See Declaration of Francois Bonin, Vice President of Finance and Operations for Defendant Fresh, Inc. ¶ 2, Ex. 3. Therefore, minimal diversity is satisfied**.**

  **D.**  **Conclusion**

  Because Defendant has shown by a preponderance of the evidence that CAFA's amount in controversy and minimal diversity requirements are met, this Court has jurisdiction and Plaintiff's Motion to Remand is DENIED.

**III.**  **MOTION TO DISMISS**

  **A.**  **Legal Standard**

  A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

stated in the complaint. See Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Accordingly, while a court is not required to accept a pleader's legal conclusions as true, the court must "draw all reasonable inferences in favor of the plaintiff, accepting the complaint's [factual] allegations as true." Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

**B.      Discussion**

**1.      Violations of Civil Code § 1747.08**

California's Song-Beverly Credit Card Act (the "Credit Card Act"), Civil Code § 1747.08, provides that  that:

> [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall do any of the following:
>
>> (1) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise.
>> (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

Cal. Civ. Code § 1747.08.  The California Supreme Court has stated that "requesting and recording a cardholder's [personal identification information], without more, violates the Credit Card Act."  Pineda v. Williams-Sonoma Stores, Inc., 51 Cal 4th 524, 527-28 (2011).  Plaintiff alleges that "[i]n conjunction with Plaintiff's credit card transaction, the Fresh employee conducting the sale requested Plaintiff's personal identification information, including but not limited to her address, which was recorded by the Fresh employee."  Compl. ¶ 11.  These allegations contain sufficient factual matter, that, accepted as true, "state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678.

Defendant argues that the Credit Card Act's legislative history requires Plaintiff to allege

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

facts that would "show that customers might reasonably perceive the purported request for information to be a condition of sale." However, the Court need not consider the Credit Card Act's legislative history because, as California courts have observed, "there is nothing ambiguous or unclear about the [Credit Card Act]. By its plain language, it prohibits a 'request' for personal identification information in conjunction with the use of a credit card." Florez v. Linens 'N Things, 133 Cal. Rptr. 2d 465, 468 (Cal. Ct. App. 2003). See also Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."(internal citations and quotation marks omitted).

The remainder of Defendant's claims rely on its assertion that its customers "voluntarily" gave their personal information to its sales representatives. However, the complaint alleges only that a Defendant employee requested Plaintiff's personal identification information, not that Plaintiff provided it voluntarily. Thus, this argument fails.

Therefore, the Plaintiff has alleged sufficient facts to withstand Defendant's motion to dismiss as to her claim under Civil Code § 1747.08.

    **2.    Tort Claims**

Plaintiff argues that Defendant's motion to dismiss on her tort claims should be denied because Defendant failed to meet and confer with Plaintiff to discuss the factual or legal issues underlying these claims as required by Local Rule 7-3. Local Rule 7-3 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and any potential resolution." Although the parties did meet and confer to discuss Plaintiff's motion to remand and the merits of Plaintiff's Section 1747.08 claim, the discussion of Plaintiff's state law claims was limited. However, Plaintiff has indicated a willingness to dismiss these claims if Defendant provides certain information. Therefore, the Court ORDERS the parties to meet and confer and discuss Plaintiff's tort claims and to file a joint stipulation no later than December 3, 2012 as to whether Plaintiff plans to pursue its tort claims.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-CV-07971-SVW-JEMx | Date | November 19, 2012 |
|---|---|---|---|
| Title | Tessa Owen v. Fresh, Inc. | | |

## IV.  CONCLUSION

For the reasons set forth in this Order, the Court HEREBY DENIES Plaintiff's Motion to Remand to State Court (Dckt. 12), DENIES Defendant's Motion to Dismiss as to Plaintiff's Civil Code Section 1747.08 claim, and ORDERS the parties to meet and confer and discuss Plaintiff's tort claims and to file a joint stipulation no later than December 3, 2012 as to whether Plaintiff plans to pursue its tort claims.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |