1

2

3

4

5                                          JS - 6

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   TESSA OWEN, individually and on        )    CASE NO. CV 12-7971 SVW
     behalf of all others similarly situated )
12                                           )
                   Plaintiffs,               )    FINAL ORDER
13                                           )    AND JUDGMENT
                        v.                   )
14                                           )
     FRESH, INC., and DOES 1 through         )
15   10,                                     )
                                             )
16                 Defendants.               )
                                             )
17   _____)

18        On June 3, 2013, at 1:30 p.m., the Court conducted the final fairness hearing

19   on the parties' proposed class action settlement agreement and release (the

20   "Settlement Agreement") and heard Plaintiff's unopposed motion for final

21   approval of the Settlement Agreement and Plaintiff's unopposed motion for

22   attorneys' fees and costs and incentive award to Plaintiff pursuant to sections

23   2.4-2.5 of the agreement.  The Court then directed Plaintiff to file an amended

24   motion for attorney's fees consistent with the principles outlined in *In re HP Inkjet*

25   *Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013). [Dkt 40.]   Plaintiff did so, and

26   the Court has addressed that motion by separate minute order. [Dkt 46.]

27        Having carefully considered all papers submitted to the Court and the

28   arguments of counsel, IT IS HEREBY ORDERED, ADJUDGED, AND

1   DECREED THAT:

2        (1)    This Court has jurisdiction over the subject matter of this litigation

3   and over all parties to the litigation, including all members of the class.

4        (2)    The Court hereby GRANTS Plaintiff's unopposed motion for final

5   approval of the Settlement Agreement.

6        (3)    The Court confirms as final its preliminary certification for settlement

7   purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of a

8   settlement class defined as follows:

9

> 10   All persons who purchased merchandise with a credit card at a Fresh,
> Inc. store in California during the Class Period who were requested to
> and did provide personal identification information, including but not
> 11   limited to their street address, email address, telephone number,
> and/or zip code, which was then recorded by a Fresh, Inc. employee,
> 12   excluding transactions where such personal identification information
> was collected for shipping, delivery, or servicing of the purchased
> 13   merchandise or for special orders.

14   *See* Settlement Agreement §§ 1.8, 2.1 (the "Settlement Class").[1]  Excluded from

15   the settlement is the one class member who has requested to be excluded from the

16   settlement, as listed in Exhibit A to this Final Order and Judgment.

17        (4)    The Court confirms as final its preliminary certification of Plaintiff

18   Tessa Owen as the representative of the Settlement Class;

19        (5)    The Court confirms as final its preliminary appointment of the law

20   firm of Wucetich & Korovilas LLP as class counsel pursuant to Rule 23(g) of the

21   Federal Rules of Civil Procedure;

22        (6)    The Court finds that the class notice sent to the Settlement Class by

23   U.S. mail, e-mail, and publication pursuant to the Settlement Agreement and the

24   Court's orders constituted the best notice practicable under the circumstances, was

25   accomplished in all material respects, and fully met the requirements of Rule 23 of

26   the Federal Rules of Civil Procedure, due process, the United States Constitution

27

28   [1]  "Class Period" is defined by the Settlement Agreement as August 8, 2011, through January 21, 2013. *See* Settlement Agreement § 1.10.

1   and any other applicable law.

2        (7)    The Settlement Agreement and the terms set forth therein are

3   incorporated in this Final Order and Judgment by reference.  (*See* Dkt 39-2:

4   Wucetich Decl. Ex. A.)  The Court finds that the Settlement Agreement and its

5   terms are fair, just, reasonable, and adequate in all respects. The Court specifically

6   finds that the settlement is rationally related to the strength of Plaintiff's and Class

7   members' claims given the risk, expense, complexity, and duration of further

8   litigation. This Court also finds that the Settlement Agreement is the result of

9   arms-length negotiation between experienced counsel representing the interests of

10   the Plaintiff, the class, and Defendant after thorough factual and legal

11   investigation.

12        (8)    The Court further finds that the response of the Settlement Class to the

13   settlement supports settlement approval. No Settlement Class members have filed

14   or served any objections to the Settlement Agreement, only one of the many

15   thousands of class members has requested to be excluded from the class, and no

16   objection has been filed by any state or federal official given noticed pursuant to

17   28 U.S.C. § 1715.

18        (9)    Defendant shall issue, and the claims administrator shall distribute, the

19   merchandise certificates to the Settlement Class as provided in section 2.3 of the

20   Settlement Agreement.

21        (10)    Defendant shall comply with the requirements regarding changes to its

22   business practices set forth in section 2.2 of the Settlement Agreement and Exhibit

23   D.

24        (11)    A full opportunity having been offered to the Settlement Class

25   members to participate in the final fairness hearing, no objections having been filed

26   or served, and only one request for exclusion having been filed and served, it is

27   hereby determined that all Settlement Class members are bound by this judgment

28   and their claims released pursuant to the Settlement Agreement and dismissed with

1    prejudice, excluded the class member who filed a valid request for exclusion as

2    listed in Exhibit A to this Final Order and Judgment.

3          (12)   The Court also GRANTS Plaintiff's unopposed motion for attorneys'

4    fees and costs and for an enhancement award to Plaintiff.  (*See* Dkt 46: Order of

5    Nov. 7, 2013, granting plaintiff's amended motion for attorneys' fees and costs and

6    incentive award.)

7          (13)   Without affecting the finality of this judgment in any way, this Court

8    hereby retains continuing jurisdiction over: (a) enforcing the Settlement

9    Agreement; (b) addressing settlement administration matters; (c) all parties for the

10   purpose of construing, enforcing, and administering the Settlement Agreement; and

11   (d) addressing any post-judgment matters as may be appropriate under court rules

12   or applicable law.

13         (14)   Each party shall bear its own attorneys' fees, costs and expenses

14   except as expressly provided in the Settlement Agreement and in this judgment.

15         IT IS SO ORDERED.

16

17   Dated:  November 8, 2013

18                                              _____
                                                    STEPHEN V. WILSON
19                                               United States District Judge

20

21

22

23

24

25

26

27

28

4